```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                   CORPUS CHRISTI DIVISION
```

KYONG HUI LANE,                §
                               §
     Plaintiff,                §
                               §
vs.                            §    Civil Action No. C-05-306
                               §
TARGET CORPORATION,            §
                               §
     Defendant.                §

## ORDER DENYING PLAINTIFF'S MOTION
## FOR NEW TRIAL AND RECONSIDERATION

On this day came on to be considered Plaintiff's "Motion for New Trial and Reconsideration" (D.E. 102). In this motion, Plaintiff asks the Court to reconsider its previous Summary Judgment Order (D.E. 48) insofar as it granted summary judgment in favor of the Defendant. Plaintiff argues that reconsideration is appropriate based on the testimony of one of the trial witnesses.

"A motion to reconsider which challenges a prior judgment on the merits will be treated as a Federal Rule of Civil Procedure 59(e) motion if it is served within ten days after entry of the judgment."[1]  Fletcher v. Apfel, 210 F.3d 510, 511-12 (5th Cir.

---

[1] This Court has jurisdiction to consider Plaintiff's Motion to Reconsider because the motion is timely filed. Although the Court signed and dated its Final Judgment on November 7, 2006, the Court did not *enter* the Final Judgment until November 8, 2006. Under Federal Rule of Civil Procedure 59, Plaintiff had ten days from the entry of judgment to file her motion to reconsider and motion for new trial. See Fed. R. Civ. P. 59(b) and (e) (stating that such motions shall be filed "no later than 10 days after *entry* of the judgment") (emphasis supplied). When computing a 10-day period under the rules, the Court may not

2000). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 479. Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479. Unless the Plaintiff presents new evidence that would change the outcome of the case, the Court should not reconsider its previous judgment. Infusion Resources, Inc. v. Minimed, Inc., 351 F.3d 688, 696-97 (5th Cir. 2003); see also ICEE Distributors, Inc. v. J&J Snack Foods Corp., 445 F.3d 841, 847 (5th Cir. 2006).

In this case, Plaintiff has failed to present any new evidence warranting reconsideration. In order to recover on her premises liability claim, Plaintiff must prove, among other things, that the Defendant "had actual or constructive knowledge" of the liquid on the floor in time to prevent her fall. H.E. Butt Grocery Co. v. Resendez, 988 S.W.2d 218, 219 (Tex. 1999); Keetch v. Kroger Co.,

---

include weekends, federal holidays, or Texas state holidays. See Fed. R. Civ. P. 6(b). November 10 (Veteran's Day) and November 23 (Thanksgiving Day) are federal holidays, see Fed. R. Civ. P. 6(b), and the Friday after Thanksgiving is a holiday under Texas state law. See Texas Government Code § 662.003(b)(6). Therefore, excluding weekends and holidays, Plaintiff had until November 27, 2006, to file her motions.

845 S.W.2d 262, 264 (Tex. 1992). Plaintiff has presented no new evidence on the issue of notice. In fact, Connie Marroquin's trial testimony, on which Plaintiff bases her motion for reconsideration, shows that Defendant received notice of the spill *simultaneously* with Plaintiff's fall. Marroquin testified at trial that she witnessed the spill occur and was about to notify a Target employee when she saw another customer leave to notify someone of the spill. (Marroquin Testimony ("MT") at 4:36:48-4:37:18.) Marroquin then testified that Plaintiff fell "at the same time" as the other customer went to notify a Target employee:

> I didn't see [Plaintiff] walk into the Target store, I was just noticing the customers as they were coming around. Like I said, I already seen like two or three possibly come around the spill. So, I mean, by the time that they were . . . and I thought someone could fall, so I thought I'm going to go tell someone. Then I noticed the other employee--customer--go, *and all at the same time she comes around the corner and I see her fall*.

(MT at 4:47:45-4:43:20.) Because Marroquin's trial testimony shows that Defendant received notice of the spill simultaneously with Plaintiff's fall, the Court will not reconsider its earlier Summary Judgment Order. Accordingly, Plaintiff's "Motion for New Trial and Reconsideration" (D.E. 102) is DENIED.

Plaintiff also filed a "Motion to Withdraw Notice of Appeal and Motion to Extend Time to File Notice of Appeal" (D.E. 107), seeking to withdraw her Notice of Appeal (D.E. 106) until this Court ruled on her Motion for New Trial and Reconsideration. Federal Rule of Appellate 4, however, specifically provides that a

notice of appeal does not become effective until the court rules on certain post-trial motions, including motions for new trial or reconsideration. Fed. R. App. P. 4(a)(4)(B)(i). Furthermore, this Order now disposes of Plaintiff's "Motion for New Trial and Reconsideration." Accordingly, Plaintiff's motion to withdraw her Notice of Appeal is MOOT.

SIGNED and ENTERED this 12th day of January, 2007.

_____
Janis Graham Jack
United States District Judge